# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**SHAWN A. CLINE**                                                     **PLAINTIFF**

**VS.**                                **CASE NO. 2:15CV00132 JM**

**JOHN DOE**
**BRINKLEY POLICE OFFICER, ET AL.**                          **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr . You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

United States District Judge James M. Moody, Jr., referred this case to the undersigned for recommended disposition of all pretrial matters.

Shawn A. Cline ("Cline") filed this action in federal court. The allegations are quoted below, in their entirety:

> Officer Harrows took my Drivers Liscense/ID and stated it was because they were suspended but without any money from social security on the fraud with that account from April 3 to Aug. 15, 2015, I am not able to legally do anything because the law states that I have to have one to legally represent or present myself to officers and

>other officials. Even though my liscense is suspended it can still function as an ID since I have it paid up to 2017.

Docket entry no. 3. On the cover sheet submitted with his complaint Cline describes his cause as "kept my ID without ability to obtain another", and he requests a jury trial and demands payment of $20.00. He also indicates the basis of jurisdiction in federal court is due to the defendant being the U.S. Government. Docket entry no. 3, page 2.

Acknowledging that *sua sponte* dismissals are expressly disfavored, *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986), the Court, nevertheless, is satisfied that this complaint should be dismissed. Subject matter jurisdiction is a "threshold requirement which must be assured in every federal case." *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991).

Federal courts are courts of limited jurisdiction and hear only those cases which are authorized by Congress or the Constitution. Congress created federal question jurisdiction under 28 U.S.C. § 1331. Cline does not allege a federal question as the basis for his action. To the contrary, he appears to allege a local policeman in Brinkley, Arkansas, may not have complied with state or local procedure dealing with a suspended Arkansas driver's license. If a cause is stated, it is rooted in state, not federal, law.

Congress also created jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. In order to attain diversity jurisdiction, a plaintiff must have a cause of action amounting to at least $75,000 and there must be complete diversity "so that no defendant is a citizen of the same state as any plaintiff." *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Cline fails to allege diversity of citizenship, as he has a Jonesboro, Arkansas address, and the defendant is alleged to be from Brinkley, Arkansas. In addition, Cline seeks only $20, far below the requisite amount of $75,000.

Finally, Cline's assertion that the defendant is the United States Government fails. As Cline himself alleges, the defendant is an employee of Brinkley, Arkansas.

Even liberally construing the allegations in his complaint, Cline is unable to acquire jurisdiction in this Court. As a result, we recommend the case be dismissed due to an absence of jurisdiction.

IT IS SO ORDERED this 27th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE